# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| THE COLLEGE NETWORK, INC., <br> Plaintiff, <br><br> v. <br><br> MOORE EDUCATIONAL <br> PUBLISHERS, INC., d/b/a <br> iSTUDYSMART, <br><br> Defendant, <br><br> MOORE EDUCATIONAL <br> PUBLISHERS, INC., d/b/a <br> iSTUDYSMART, and DEBRA K. <br> MOORE, <br> Counter-Plaintiffs, <br><br> v. <br><br> THE COLLEGE NETWORK, INC., <br> Counter-Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. A-07CA-615-LY |

---

## MOORE EDUCATIONAL PUBLISHERS, INC., d/b/a iSTUDYSMART and DEBRA K. MOORE'S AMENDED PROPOSED JURY CHARGE

---

COMES NOW Counter-Plaintiffs, Moore Educational Publishers, Inc., d/b/a iStudySmart and Debra K. Moore, and files their Amended Proposed Jury Charge:

Respectfully submitted,

**MERICA & BOURLAND, P.C.**
400 W. 15th Street, Suite 900
Austin, Texas 78701
(512) 477-0100
(512) 477-0154 (fax)

By: _Cindy Olson Bld_
_____
Cindy Olson Bourland
State Bar No. 00790343
Sara M. Foskitt
State Bar No. 24036583
ATTORNEYS FOR MEP AND MOORE

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2009, the foregoing document was emailed to the party listed below:

Matt Dow
Mark Walters
Jackson Walker, LLP
100 Congress Avenue, Suite 1100
Austin, Texas  78701
Attorneys for Plaintiff

Cindy Olson Bourland

## PRELIMINARY INSTRUCTIONS

### General Instructions

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence

and are not instructions on the law.   They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations.   A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them.   Do not decide who you think should win and then answer the questions accordingly.   Your answers and your verdict must be unanimous.

Except where you are instructed otherwise, you must answer all questions from a preponderance of the evidence.   By this is meant the greater weight and degree of credible evidence before you.   In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.   In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it,

because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;  and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case.  One is direct evidence—such as testimony of an eyewitness.  The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters.  However, you are

not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

You should not interpret the fact that I have given instructions about damages as an indication in any way that I believe that any party should, or should not, win this case.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  Select your Foreperson and conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial.  After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You

must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

GIVEN:        _____
REFUSED:      _____
MODIFIED:     _____

_____
UNITED STATES DISTRICT JUDGE

**SOURCE:** Fifth Circuit Pattern Jury Charge §§ 1.1, 2.11, 2.12, 2.16, 2.18, 2.19, 2.21, 2.23, 3.1, 15.1, 15.2, 15.3, 15.13 (2006).

## COUNTER-PLAINTIFFS' PROPOSED INSTRUCTION NO. 1

Counter-Plaintiffs seek to recover damages based upon a claim of defamation.

Defamation is the act of injuring a person's reputation by making a false statement.  A defamatory statement can be made by libel or slander.

"Slander" is a false statement, orally communicated or published to a third person, that tends to injure a person's reputation or impeach any person's honesty, integrity, virtue or reputation thereby exposing that person to public hatred, contempt, ridicule, or financial injury.

Whether a statement is defamatory depends on whether a person of ordinary intelligence would perceive the statement to affect the reputation of the counter-plaintiff, in light of the surrounding circumstances.  A "person of ordinary intelligence" is one who exercises care and prudence, but not omniscience, when evaluating allegedly defamatory communications.  The subjective opinion of the parties to the defamation action has no bearing on whether the statement is actually defamatory.

**SOURCES:**  *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 646 (Tex. 1995); Tex. Civ. Prac. & Rem. Code § 73.001; *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989); *New Times, Inc. v. Isaacks,* 146 S.W.3d 144, 157 (Tex. 2004); *Bradbury v. Scott,* 788 S.W.2d 31, 37-38 (Tex.App. – Houston [1st Dist.] 1989, den.).

## COUNTER-PLAINTIFFS' PROPOSED INSTRUCTION NO. 2

Certain types of statements are considered, by their very nature, so damaging to a reputation that the statement is considered defamatory as a matter of law. These special types of statements constitute defamation "per se."

When the case involves defamation per se, there is a presumption that the defamatory statement caused harm to the counter-plaintiff's reputation. Thus, for the types of statements that qualify as defamation "per se," a counter-plaintiff need not plead or prove special damages. Because of a presumption of harm from defamation per se, a counter-plaintiff is entitled to recover without proof of any specific injury or damages.

Falsely accusing someone of stealing or calling someone a "thief" constitutes defamation per se. The false accusation that a person has committed a crime is defamation per se.

Statements that cause injury to a person's office, business, profession, or occupation are defamatory per se.

A corporation may be defamed and may prosecute an action for slander in its own name.

**SOURCES:** *Bayoud v. Sigler,* 555 S.W.2d 913, 915 (Civ.App. – Dallas 1977, dis.); *Goree v. Carnes,* 625 S.W.2d 380, 384 (Tex.App. – San Antonio 1981, no writ); *Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914, 921 (Tex.App. – Corpus Christi 1991, dis. w.o.j.); *Peshak v. Greer,* 13 S.W.3d 421, 427 (Tex.App. – Corpus Christi 2000, no pet.); *Mustang Athletic Corp. v. Monroe,* 137 S.W.3d 336, 338-339 (Tex.App. – Beaumont 2004, no pet.); *Fiber Systems Int'l, Inc. v. Roehrs,* 470 F.3d 1150, 1162 (5th Cir. 2006); *Morrill v. Cisek,* 226 S.W.3d 545, 549-550 (Tex.App. – Houston [1[st] Dist.] 2006, no pet.); *Tatum v. Liner,* 749 S.W.2d 251, 258 (Tex.App. – San Antonio 1988, no writ); *Newspapers, Inc. v. Matthews,* 338 S.W.2d 890, 893 (Tex. 1960).

## COUNTER-PLAINTIFFS' PROPOSED INSTRUCTION NO. 3

"Publication" is a negligent or intentional act that communicates a defamatory statement to a person other than the person defamed. Negligent publication occurs when a reasonable person would recognize that his or her actions will create an unreasonable risk that a defamatory statement will be communicated to a third party. If the Counter-Defendant's conduct in publishing a defamatory statement is not intentional, but meets the standard just described for negligent publication, the counter-defendant will be liable for defamation in the same way as if the counter-defendant had intentionally published a defamatory statement.

A statement need not be widely disseminated to achieve publication. Publication is achieved if only one person hears and understands the defamatory nature of the communication.

**SOURCES:** *Shearson Lehman Hutton, Inc. v. Tucker,* 806 S.W.2d 914, 921 (Tex.App. – Corpus Christi 1991, dis. w.o.j.); *First State Bank of Corpus Christi v. Ake,* 606 S.W.2d 696, 701 (Civ.App. – Corpus Christi 1980, ref. n.r.e.); *Diaz v. Rankin,* 777 S.W>2d 496, 499-500 (Tex.App. – Corpus Christi 1989, no writ);

## COUNTER-PLAINTIFFS' PROPOSED INSTRUCTION NO. 4

"Actual malice" means that the counter-defendant published the defamatory statement: (1) with actual knowledge of its falsity; or (2) with "reckless disregard" as to its truth or falsity.  A statement is published with "reckless disregard" as to its truth or falsity when there is a high degree of awareness of probable falsity, to an extent that the person publishing the statement entertained serious doubts as to the truth of the publication.  When the statement is published with absolutely no regard at all for its truth or falsity, it is made with "reckless disregard."

*Bentley v. Bunton,* 94 S.W.3d 561, 600 (Tex. 2002); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989).

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 1

Did The College Network slander Moore Educational Publishers, Inc.?


Answer "Yes" or "No:"


Answer: _____



GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____

_____
UNITED STATES DISTRICT JUDGE

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 2

Did The College Network slander Debra K. Moore?


Answer "Yes" or "No:"


Answer: _____



GIVEN:         _____
REFUSED:      _____
MODIFIED:    _____

_____
UNITED STATES DISTRICT JUDGE

## <u>COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 3</u>

Did The College Network commit defamation "per se" against Moore Educational Publishers, Inc.?

Answer "Yes" or "No:"

Answer: _____

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE

14

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 4

Did The College Network commit defamation "per se" against Debra K. Moore?


Answer "Yes" or "No:"


Answer: _____


GIVEN:        _____
REFUSED:      _____
MODIFIED:     _____

                                    _____
                                    UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Questions 1 or 3, then answer the following question. Otherwise, do not answer the following question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 5

Did The College Network intentionally interfere with Moore Educational Publishers, Inc.'s prospective business or contractual relations?

Interference is intentional if committed with the desire to interfere with the contract or with the belief that interference is substantially certain to result.

Answer "Yes" or "No:"

Answer: _____

GIVEN:        _____
REFUSED:      _____
MODIFIED:     _____

_____
UNITED STATES DISTRICT JUDGE

If your answer to Question No. 1 is "Yes," then answer the following question. Otherwise, do not answer the next question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Moore Educational Publishers, Inc. for its damages, if any, proximately caused by such defamation?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separate in dollars and cents for damages, if any, for the following:

a. Loss of reputation, standing and good will        $_____

b. Lost past revenue, income, and/or profits        $_____

c. Lost future revenue, income, and/or profits        $_____

d. Damages due to business disparagement        $_____


GIVEN:        _____
REFUSED:        _____
MODIFIED:        _____

_____
UNITED STATES DISTRICT JUDGE

If your answer to Question No. 2 is "Yes," then answer the following question. Otherwise, do not answer the next question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 7

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Debra K. Moore for her damages, if any, proximately caused by such defamation?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separate in dollars and cents for damages, if any, for the following:

Injury to Moore in her profession by imputing
and charging her of a crime in her occupation
or profession                                                   $_____

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE

18

If your answer to Question No. 3 is "Yes," then answer the following question. Otherwise, do not answer the next question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 8

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Moore Educational Publishers, Inc. for its damages, if any, proximately caused by such defamation?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separate in dollars and cents for damages, if any, for the following:

a. Loss of reputation, standing and good will        $_____

b. Lost past revenue, income, and/or profits        $_____

c. Lost future revenue, income, and/or profits        $_____

d. Damages due to business disparagement        $_____


GIVEN:        _____
REFUSED:      _____
MODIFIED:     _____

_____
UNITED STATES DISTRICT JUDGE

If your answer to Question No. 4 is "Yes," then answer the following question. Otherwise, do not answer the next question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 9

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Debra K. Moore for her damages, if any, proximately caused by such defamation?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separate in dollars and cents for damages, if any, for the following:

Injury to Moore in her profession by imputing
and charging her of a crime in her occupation
or profession                                                                     $_____

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE

If your answer to Question No. 5 is "Yes," then answer the following question. Otherwise, do not answer the next question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 10

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Moore Educational Publishers, Inc. for its damages, if any, proximately caused by such interference?

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Consider the following elements of damages, if any, and none other.

Do not add any amount for interest on damages, if any.

Answer separate in dollars and cents for damages, if any, for the following:

a. Loss of reputation, standing and good will      $_____

b. Lost past revenue, income, and/or profits      $_____

c. Lost future revenue, income, and/or profits      $_____

d. Damages due to business disparagement      $_____

GIVEN:      _____
REFUSED:      _____
MODIFIED:      _____

_____
UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Questions 1 or 3, then answer the following question. Otherwise, do not answer the following question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 11

Do you find by clear and convincing evidence that the harm to Moore Educational Publishers, Inc. resulted from malice?

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

"Malice" means:
(a) a specific intent by The College Network to cause substantial injury to Moore Educational Publishers, Inc.; or
(b) an act or omission by The College Network,
    (i) which when viewed objectively from the standpoint of The College Network at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others;
    (ii) of which The College Network has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that malice may be attributable to The College Network because of an act by The College Network's employees if, but only if –
    (a) The College Network authorized the doing and the manner of the act, or
    (b) Glenn Cason was employed in a managerial capacity and was acting in the scope of employment, or
    (c) Joel Kimzey was employed in a managerial capacity and was acting in the scope of employment, or
    (d) The College Network or a manager of The College Network ratified or approved the act.

Answer "Yes" or "No":


Answer: _____


GIVEN:        _____
REFUSED:      _____
MODIFIED:     _____


_____
UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Questions 2 or 4, then answer the following question. Otherwise, do not answer the following question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 12

Do you find by clear and convincing evidence that the harm to Debra K. Moore resulted from malice?

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

"Malice" means:

(c)   a specific intent by The College Network to cause substantial injury to Debra K. Moore; or

(d)   an act or omission by The College Network,

    (i)   which when viewed objectively from the standpoint of The College Network at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others;

    (ii)   of which The College Network has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that malice may be attributable to The College Network because of an act by The College Network's employees if, but only if –

    (e) The College Network authorized the doing and the manner of the act, or

    (f) Glenn Cason was employed in a managerial capacity and was acting in the scope of employment, or

    (g) Joel Kimzey was employed in a managerial capacity and was acting in the scope of employment, or

    (h) The College Network or a manager of The College Network ratified or approved the act.

Answer "Yes" or "No":


Answer: _____

GIVEN:    _____
REFUSED:    _____
MODIFIED:    _____

_____
UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Question 11, then answer the following question. Otherwise, do not answer the following question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 13

What sum of money, if any, should be assessed against The College Network and awarded to Moore Educational Publishers, Inc. as exemplary damages for the conduct found in response to Questions 1 or 3?

"Exemplary damages" means an amount that you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount that you may have found as actual damages.

Factors to consider in awarding exemplary damages, if any, are—

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of the wrongdoer.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

Answer: $_____

GIVEN:       _____
REFUSED:    _____
MODIFIED:   _____

_____
UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Question 12, then answer the following question. Otherwise, do not answer the following question.

## COUNTER-PLAINTIFFS' PROPOSED QUESTION NO. 14

What sum of money, if any, should be assessed against The College Network and awarded to Debra K. Moore as exemplary damages for the conduct found in response to Questions 2 or 4?

"Exemplary damages" means an amount that you may in your discretion award as an example to others and as a penalty or by way of punishment, in addition to any amount that you may have found as actual damages.

Factors to consider in awarding exemplary damages, if any, are—

a.   The nature of the wrong.

b.   The character of the conduct involved.

c.   The degree of culpability of the wrongdoer.

d.   The situation and sensibilities of the parties concerned.

e.   The extent to which such conduct offends a public sense of justice and propriety.

Answer:  $_____

GIVEN:      _____
REFUSED:   _____
MODIFIED:  _____

_____
UNITED STATES DISTRICT JUDGE