IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE COLLEGE NETWORK, INC. | § | |
| | § | JANUARY 13, 2009 |
| Plaintiff-Counterdefendant | § | |
| and Defendant in Intervention; | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-07-CA-615-LY |
| | § | |
| MOORE EDUCATIONAL | § | |
| PUBLISHERS, INC. dba | § | |
| iSTUDYSMART | § | |
| | § | |
| Defendant-Counterplaintiff; | § | |
| | § | |
| and | § | |
| | § | |
| DEBRA MOORE, | § | |
| | § | |
| Plaintiff in Intervention. | § | |

**TCN'S REVISED OBJECTIONS TO AND PROPOSED JURY CHARGE FOR
THE CLAIMS OF MOORE EDUCATIONAL PUBLISHERS AND DEBRA MOORE**

Comes now Plaintiff-Counterdefendant The College Network, Inc. ("TCN") and its revised objections to the proposed jury instructions and issues of Moore Educational Publishers, Inc. ("MEP") and Debra Moore ("Moore") with respect to their affirmative claims for relief and states as follows:

The jury issues submitted by MEP and Moore with respect to their affirmative claims for relief are defective. TCN contends that there is insufficient evidence to create an issue for the jury that some or all of the allegedly defamatory statements about which MEP and Moore complain were made or, if they were made, were defamatory. Nevertheless, without waiving such contentions, in the event the Court concludes that a jury issue exists with respect to one or more such statements, TCN submits the

following proposed instructions with respect to the affirmative claims for relief of MEP and Moore.

## TCN'S PROPOSED QUESTION NO. 4

In this case, TCN denies making any of the statements about which MEP and Moore complain.  Accordingly, it is appropriate to include a jury question as to whether MEP and/or Moore have proven by a preponderance of the evidence that any such statements were made.  Obviously, in the absence of such proof, there can be no liability on the part of TCN.

## QUESTION NO. 4:

Do you find from a preponderance of the evidence that any of the following statements were published by The College Network, Inc.?

Answer "Yes" or "No" as to each statement:

MEP was part of the network          _____

MEP was going out of business          _____

Debra Moore stole from TNC          _____

Debra Moore is a thief          _____

Debra Moore is dishonest          _____

GIVEN:      _____
REFUSED:      _____
MODIFIED:      _____

_____
UNITED STATES DISTRICT JUDGE

TCN believes that the evidence will establish that all MEP and Moore's defamation claims are barred by the one-year Texas statute of limitations. To the extent, however, that the Court concludes that a jury issue exists with respect to TCN's limitations defense, TCN submits the following proposed jury interrogatory – without waiver of its contention that all MEP and Moore's defamation claims are barred by limitations as a matter of law.

## TCN'S PROPOSED QUESTION NO. 5

Answer this question only for those statements for which you answered "yes" to the preceding question.

## QUESTION NO. 5:

Do you find from a preponderance of the evidence that any of the following statements were published by The College Network, Inc. prior to June 12, 2007?

Answer "Yes" or "No" as to each statement for which you answered "yes" to Question No. 4:

MEP was part of the network                _____

MEP was going out of business              _____

Debra Moore stole from TNC                 _____

Debra Moore is a thief                     _____

Debra Moore is dishonest                   _____

GIVEN:       _____
REFUSED:     _____
MODIFIED:    _____

_____
UNITED STATES DISTRICT JUDGE

Defamation requires proof of falsity.  MEP and Moore's jury interrogatories are deficient because they do not require a specific finding of falsity.

## TCN'S PROPOSED QUESTION NO. 6:

Answer this question only for those statements for which you answered "yes" to Question No. 4 and "no" to Question No. 5.

## QUESTION NO. 6:

Where any of the following statements false when published?

**Instructions**:

> A statement is not false if it is literally true or substantially true. "Substantially true" means that the statement does not have to be true in every particular.  A statement is substantially true if it is no more damaging to Plaintiff's reputation in the mind of the average person than a truthful statement would have been.
>
> In deciding whether a statement is false, you are to consider a reasonable person's perception of the statement in light of the surrounding circumstances and based upon how a person of ordinary intelligence would understand it.

Answer "Yes" or "No" as to each statement for which you answered "yes" to Question No. 4 and "no" to Question No. 5:


MEP was part of the network                      _____

MEP was going out of business                   _____

Debra Moore stole from TNC                      _____

Debra Moore is a thief                                 _____

Debra Moore is dishonest                            _____

GIVEN:          _____
REFUSED:        _____
MODIFIED:       _____

_____
UNITED STATES DISTRICT JUDGE

**SOURCE:**  *Brown v. Petrolite Corp.*, 965 F.2d 38 (5th Cir. 1992) (under Texas law, defamation plaintiff must prove that the allegedly defamatory language is false); *Padilla v. Carrier Air Conditioning*, 67 F.Supp.2d 650 (E.D. Tex. 1999) (to be slanderous under Texas law, statement must be false); *Velasquez-Campuzano v. Marfa Nat'l Bank*, 896 F. Supp. 1415 (W.D. Tex. 1995) (same), *aff'd*, 91 F.3d 139 (5th Cir. 1996) (mem.) (per curiam) (unpublished); *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 741 (S.D. Tex. 1998) ("The Fifth Circuit has interpreted Texas law as requiring the plaintiff to prove falsity as an element of a cause of action for defamation."); *McIlvane v. Jacobs*, 794 S.W.2d 14 (Tex. 1990) (statement is substantially true if it is no more damaging than a true statement would have been); *Houseman v. Publicaciones Paso del Norte, S.A. de C.V.*, 242 S.W.3d 518, 524 (Tex. App. – El Paso 2007) ("Allegedly defamatory statements must be construed as a whole, in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive the publication."); *ABC, Inc. v. Shanks,* 1 S.W.3d 230 (Tex. App. – Corpus Christi 1999, no pet.) (a statement is substantially true if it is no more ignominious in the mind of the average listener than a true statement would have been).

## TCN'S PROPOSED QUESTION NO. 7:

Answer this question only for those statements for which you answered "yes" to the preceding question.

## QUESTION NO. 7:

Where any of the following statements defamatory of MEP?

**Instructions**:

A statement is defamatory if it:

1. tends to injure a person's reputation and thereby expose it to public hatred, contempt or ridicule, or financial injury; or

2. tends to impeach a person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

In deciding whether a statement is defamatory, you are to consider a reasonable person's perception of the statement in light of the surrounding circumstances and based upon how a person of ordinary intelligence would understand it. The surrounding circumstances are the setting in which the alleged slanderous statement is spoken, consisting of the context of the statement and the common meaning attached to it. The common meaning is the understanding that ordinary men and women would have, considering the temper of the times, and the current of contemporary public opinions.

Answer "Yes" or "No" as to each statement for which you answered "yes" to Question No. 6:

MEP was part of the network          _____

MEP was going out of business          _____

GIVEN:          _____
REFUSED:          _____
MODIFIED:          _____

_____
UNITED STATES DISTRICT JUDGE

**SOURCE:**  *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241 (5th Cir. 1980) (where a statement may be, but is not necessarily, defamatory, issue of defamatory meaning should be submitted to the jury); *Moore v. Waldrop*, 166 S.W.3d 380, 385-86 (Tex. App. – Waco 2005, no pet.).

## TCN'S PROPOSED QUESTION NO. 8:

Answer this question only for those statements for which you answered "yes" to Question 6.

## QUESTION NO. 8:

Where any of the following statements defamatory Moore?

**Instructions**:

A statement is defamatory if it:

1. tends to injure a person's reputation and thereby expose it to public hatred, contempt or ridicule, or financial injury; or

2. tends to impeach a person's honesty, integrity, virtue, or reputation or to publish the natural defects of anyone and thereby expose the person to public hatred, ridicule, or financial injury.

In deciding whether a statement is defamatory, you are to consider a reasonable person's perception of the statement in light of the surrounding circumstances and based upon how a person of ordinary intelligence would understand it.  The surrounding circumstances are the setting in which the alleged slanderous statement is spoken, consisting of the context of the statement and the common meaning attached to it.  The common meaning is the understanding that ordinary men and women would have, considering the temper of the times, and the current of contemporary public opinions.

Answer "Yes" or "No" as to each statement for which you answered "yes" to Question No. 6:

Debra Moore stole from TNC          _____

Debra Moore is a thief          _____

Debra Moore is dishonest          _____

GIVEN:     _____
REFUSED:   _____
MODIFIED:  _____

_____
UNITED STATES DISTRICT JUDGE


**SOURCE:**  *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241 (5th Cir. 1980) (where a statement may be, but is not necessarily, defamatory, issue of defamatory meaning should be submitted to the jury); *Moore v. Waldrop*, 166 S.W.3d 380, 385-86 (Tex. App. – Waco 2005, no pet.).

MEP and Moore's proposed question on defamation per se is inadequate because it is not sufficiently tethered to statements about which MEP and Moore complain, and, and to any such statement, it is possible that the jury could answer this interrogatory in the affirmative without having found all the elements necessary to prove a cause of action for defamation per se.

Additionally, TCN contends that there is no evidence that would support a finding that any of the statements about which MEP and Moore complain were defamatory per se as a matter of law.  To the extent the Court concludes otherwise, however, TCN points out that one statement – that TCN is part of the network – cannot be defamatory per se because it cannot be defamatory at all with the introduction of extrinsic evidence to explain why it is defamatory.  Further, under Texas law, the statement that one is "dishonest" is not defamatory per se.  *See, e.g., Arant v. Jaffe*, 436 S.W.2d 169, 176 (Tex. Civ. App. – Dallas 1968, no writ).  And there are no Texas cases holding that a statement that one is "going out of business" is, or can be, defamatory per se.  With respect to the other two statements complained of, they pertain only to Moore, and TCN contends that they issue of whether they are defamatory per se, if not resolved in TCN's favor as a matter of law, is one for the jury, as there is insufficient evidence from which the Court can conclude that any such statement is defamatory per se as a matter of law.  In that event, the Court determines that a jury issue exists, however, TCN submits the following proposed instruction.

## **TCN'S PROPOSED QUESTION NO. 9:**

Answer this question only for those statements for which you answered "yes" to Question 8 above.

## **QUESTION NO. 9:**

Were any of the following defamatory *per se*?

**Instructions**:

1.  A statement is defamatory *per se* if it accuses a person or a crime or of conduct that affects a person injuriously in its business, occupation, or office.

2.  In deciding whether a statement is defamatory *per se*, you are to consider a reasonable person's perception of the statement in light of the surrounding circumstances and based upon how a person of ordinary intelligence would understand it.

Answer "Yes" or "No" as to each statement:


Debra Moore stole from TNC              _____


Debra Moore is a thief                       _____


GIVEN:           _____
REFUSED:       _____
MODIFIED:      _____


_____
UNITED STATES DISTRICT JUDGE


**SOURCE:**  *Greenbelt Co-Op Publishing Ass'n v. Bresler*, 398 U.S. 6, 13-14 (1970) (accusation of blackmail during heated city council meeting as mere rhetorical hyperbole because the word, in context, referred to unreasonableness of negotiating proposals being discussed and not the actual crime of blackmail); *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1163 (5th Cir. 2006) (noting that it is possible that a false allegation of theft could be made in a context that is not defamatory); *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241 (5th Cir. 1980) (where a statement may be, but is not necessarily, defamatory, issue of defamatory meaning should be submitted to the jury).

Whether a certain type of statement is privileged is a matter of law for the Court. *Calhoun v. Chase Manhattan Bank,* 911 S.W.2d 403, 408 (Tex.App. -- Houston [1st Dist.] 1995, no writ).  In this case, the only persons identified with sufficient particularity by MEP and Moore to whom they contend TCN published any defamatory statements were all employees or agents of TCN at the time the statements allegedly were made. Statements by an employer about an employee to other employees or agents are subject to a qualified privilege.  *See Johnson Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312-13 (5th Cir. 1995) (under Texas law, accusations made by an employer about an employee to one with a common interest are subject to a qualified privilege);*Stephens v. Delphi Gas Pipeline Corp.*, 924 S.W.2d 765, 769 (Tex. App. – Texarkana 1996, writ denied) (statements made to managers and employees about reasons for firing another employee were privileged).  To the extent that the Court determines, however, the a jury issue exists with respect to the existence of a qualified privilege, TCN submits the following proposed instruction.

## TCN'S PROPOSED QUESTION NO. 10:

Answer this question only for those statements for which you answered "yes" to Question 7 or Question 8 above.

## QUESTION NO. 10:

Was the making of any of the following statements privileged?

**Instruction**:  A publication of a false, defamatory statement is privileged if it is made by an employer to a another person with a common interest in the subject matter of the statement.  Statements made by an employer to an employee about another past or present employee are privileged if the employee to whom the statement is made has an interest in the subject matter of the communication.

Answer "Yes" or "No" as to each statement for which you answered "yes" to either Question No. 7 or Question No. 8:

MEP was part of the network                    _____

MEP was going out of business              _____

Debra Moore stole from TNC                   _____

Debra Moore is a thief                              _____

Debra Moore is dishonest                        _____

**SOURCE:**  *Johnson Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312-13 (5th Cir. 1995) (under Texas law, accusations made by an employer about an employee to one with a common interest are subject to a qualified privilege); *Stephens v. Delphi Gas Pipeline Corp.*, 924 S.W.2d 765, 769 (Tex. App. – Texarkana 1996, writ denied) (statements made to managers and employees about reasons for firing another employee were privileged).

Where a qualified privilege exists, there can be no liability for defamation absent malice.  Accordingly, TCN submits the following proposed instruction on malice.

## TCN'S PROPOSED QUESTION NO. 11:

Answer the following Question only for those statements for which you answered "yes" to the preceding question.

## QUESTION NO. 11:

Do you find by clear and convincing evidence that TCN made the following statement(s) knowing that the statement(s) were false when made or that TCN actually entertained serious doubts about the truth of the statement(s) when they were made?

**Instructions**:   Answer "Yes" or "No" for each of the following for which you answered "yes" in the preceding question.  A "Yes" answer must be based on "clear and convincing evidence."

"Clear and Convincing Evidence" means that measure or degree of proof which produces a firm belief or conviction as to the truth of the allegations sought to be established. If you do not find that "clear and convincing evidence" supports a "Yes" answer, then answer "No."

Publishing a statement(s) knowing it was false or while actually entertaining serious doubts as to the truth of the statement(s) is not shown by lack of due care, a failure to investigate, an error in judgment, or by ill will, spite or evil motive.

MEP was part of the network                  _____

MEP was going out of business                _____

Debra Moore stole from TNC                   _____

Debra Moore is a thief                    _____

Debra Moore is dishonest                  _____


GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____


_____
UNITED STATES DISTRICT JUDGE


**SOURCE:**  *Johnson Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 313 (5th Cir. 1995) (defining "malice" with respect to defamatory statements).

TCN objects to the damages instruction of MEP and Moore on two grounds. First, it contains an incorrect definition of proximate cause.  Second, it allows the jury to award damages for business disparagement.  However, under the Texas Supreme Court's decision in *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1997), defamation only protects against injury to reputation.  The separate cause of action for business disparagement, which has different elements and which has not been pled here, protects the pecuniary interests of the injured party.  Accordingly, no damages submission for damages caused by business disparagement is proper.  Similarly, in addition to business disparagement damages, MEP and Moore's proposed jury charge allows the jury to award damages for "[l]oss of revenue, income, and/or profits."  These are the same as business disparagement damages, and therefore improper.  But even if they were not, MEP and Moore's instruction is defective because it does not tie these damages to injury to reputation, which is the only injury against which defamation protects.

Finally, it is not necessary to have multiple damages issues for the same conduct.

## TCN'S PROPOSED QUESTION NO. 12:

Answer this question only for those statements for which you answered "no" to Question No. 10 or for which you answered "yes" to Question 10 and "no" to Question No. 11.

## QUESTION NO. 12:

What sum of money, if paid now in cash, would fairly and reasonably compensate MEP and Moore for the damages to their reputations proximately caused

by the statements for which you answered "no" to Question No. 10 or for which you answered "yes" to Question 10 and "no" to Question No. 11.

**Instructions:**

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Proximate cause has two parts:

　　1.　a proximate cause is a substantial factor that in a natural and continuous sequence brings about an event and without which the event would not have occurred; and

　　2.　a proximate cause is foreseeable. "Foreseeable" means that a person using ordinary care would have reasonably anticipated that his acts or failure to act would have caused the event or some similar event.

There may be more than one proximate cause of an event.

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you find.

Answer in dollars and cents, if any, with respect to the following:

a.　MEP's loss of reputation in the past (answer only for those statements that concern MEP and for which you answered "yes" to Question 6.

　　Answer:　$_____

b.　Loss of reputation that, in reasonable probability, MEP will sustain in the future (answer only for those statements that concern MEP and for which you answered "yes" to Question 6.

　　Answer:　$_____

       c.        Moore's loss of reputation in the past (answer only for those statements that concern MEP and for which you answered "yes" to Question 7,

              Answer:       $_____

       d.        Moore's loss of reputation that, in reasonable probability, MEP will sustain in the future (answer only for those statements that concern MEP and for which you answered "yes" to Question 7.

              Answer:       $_____

GIVEN: _____
REFUSED: _____
MODIFIED: _____

_____
UNITED STATES DISTRICT JUDGE


**SOURCE:**  Texas Pattern Jury Charge 2.4 & Comment (2008) (definition of proximate cause); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007) ("producing cause" must be a "substantial factor" in bringing about the event); *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1997) (defamation protects against injury to reputation, business disparagement the pecuniary interests of the injured party); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774 (difference between proximate cause and producing cause is that proximate cause includes forseeability).

TCN objects to any jury instruction on interference with perspective contractual relations because MEP has failed to produced any evidence of any contracts with which it contends with TCN improperly or unlawfully interfered, despite TCN's having requested such information in discovery. Accordingly, MEP should be prohibited from introducing any such evidence at trial, and, without such evidence, its claim for interference with perspective contractual relations fails as a matter of law.

Assuming, however, that the Court allows MEP to submit a jury issue on interference with perspective contractual relations, TCN objects to MEP's proposed instruction because it is defective as a matter of law. MEP has submitted Texas Pattern Jury Charge 106.1. This is the pattern jury charge for wrongful interference with existing contractual relations. The cause of the action for interference with perspective contractual relations is different from interference with an existing contact, and there is no authority that would support using the pattern jury charge for interference with an existing contract with respect to a claim for interference with perspective contract.

Presently, there is no pattern jury charge for interference with perspective contractual relations. The previous proposed charge, PJC 106.2 was disapproved by the Texas Supreme Court *Wal-Mart Stores, Inc. Sturges,* 52 S.W. 3d 711, 715 (Tex. 2001)*,* because it did not require the jury to find that the plaintiff was harmed by conduct of the defendant that was independently tortuous or unlawful. In this case, however, by predicating the jury's answer to the question on tortuous interference with perspective contact on an affirmative answer to MEP's defamation claims, former PJC 106.2 may be used.

**<u>TCN'S PROPOSED QUESTION NO. 13:</u>**

Answer this question only for those statements for which you answered "yes" to Question 7 and, also, for which you answered either "no" to Question No. 10 or for which you answered "yes" to Question 10 and "no" to Question No. 11.

## QUESTION NO. 13:

Did TCN making one or more statements for which you answered "yes" to Question 7 and, also, for which you answered either "no" to Question No. 10 or for which you answered "yes" to Question 10 and "no" to Question No. 11 interfere with MEP's perspective contractual relations?

Wrongful interference occurred if-

    a. there was a reasonable probability that MEP would have entered into the contractual relations and

    b. TCN intentionally prevented the contractual relations from occurring with the purpose of harming MEP.

Answer "yes" or "no": _____

Given: _____

Given as Modified: _____

Refused: _____

_____
UNITED STATES JUDGE PRESIDING

**SOURCE**: former Texas PJC § 106.2 (2000); *Wal-Mart Stores, Inc. Sturges,* 52 S.W. 3d 711, 715 (Tex. 2001).

TCN contends that no jury issue exists on damages for alleged tortuous interference with prospective contract. To the extent the Court concludes otherwise, however, TCN submits the following proposed question.

Answer this question only if you answered "yes" to the preceding question.

## TCN'S PROPOSED QUESTION NO. 14:

## QUESTION NO. 14:

What sum of money, if paid now in cash, would fairly and reasonably compensate MEP for its damages, if any, proximately caused by the interference found by you in response to the preceding question?

**Instructions:**

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Proximate cause has two parts:

1. a proximate cause is a substantial factor that in a natural and continuous sequence brings about an event and without which the event would not have occurred; and

2. a proximate cause is foreseeable. "Foreseeable" means that a person using ordinary care would have reasonably anticipated that his acts or failure to act would have caused the event or some similar event.

There may be more than one proximate cause of an event.

[Insert appropriate instructions regarding elements of damages. MEP has not produced any evidence of damages caused by tortious interference. Therefore, it is impossible for TCN to submit proposed questions on specific elements of damages.]

Consider the following elements of damages and none other.

Consider each element separately.  Do not include damages for one element in any other element.  Do not include interest on any amount of damages you find.

Answer in dollars and cents, if any, with respect to the following:

**[Insert for elements of damages permitted by the Court]**

GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____


_____
UNITED STATES DISTRICT JUDGE

**SOURCE:**  Texas Pattern Jury Charge 2.4 & Comment (2008) (definition of proximate cause); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007) ("producing cause" must be a "substantial factor" in bringing about the event); *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1997) (defamation protects against injury to reputation, business disparagement the pecuniary interests of the injured party); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 774 (difference between proximate cause and producing cause is that proximate cause includes forseeability).

TCN does not believe that a jury question on exemplary damages is warranted. To the extent the Court concludes otherwise, however, the instruction submitted by Moore and MEP is insufficient, and TCN submits the following proposed instructions and definitions.

## TCN'S PROPOSED QUESTION NO. 15:

Answer this question for MEP only if, for one or more statements, you answered both "yes" to Question 7 and, with respect to one or more of such statements, you answered either (1) "no" to Question 10 or (2) "yes" to Question 10 and "no" to Question 11.

Answer this question for Moore only if, for one or more statements, you answered both "yes" to Question 8 and, with respect to one or more of such statements, you answered either (1) "no" to Question 10  or (2) "yes" to Question 10 and "yes" to Question 11.

To answer "yes" to any part of the following question, your answer must be unanimous.  You may answer "no" to any part of the following question only upon a vote of ten or more jurors. Otherwise, you must not answer the following question:

## QUESTION NO. 15:

Do you find by clear and convincing evidence that the harm to MEP or Moore or both resulted from malice?

### Instructions:

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegation sought to be established.

As used in this question only, "malice" means a specific intent by TCN to cause substantial injury or harm to MEP or Moore, or both, as the case may be.

Answer "Yes" or "No" for each of the following.

MEP   _____

Moore _____

If you answered "Yes" for one or more of MEP and Moore, go to the next question. Otherwise, stop.  You are done.

Given:                 _____

Given as Modified:  _____

Refused:           _____

_____
UNITED STATES DISTRICT JUDGE

**SOURCE**: Texas PJC § 109.1.

**TCN'S PROPOSED QUESTION NO. 16:**

Answer the following question only if you unanimously answered "yes" to preceding question for one or more of MEP or Moore.  Otherwise, do not answer the following question.

**QUESTION NO. 16:**

You must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, if paid now in cash, should be assessed against TCN and awarded to MEP or Moore or both as exemplary damages, if any, for the conduct found in response to the preceding question?

**Instructions:**

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

the nature of the wrong;

the character of the conduct involved;

the degree of culpability of the party;

the situation and sensibilities of the parties concerned;

the extent to which such conduct offends a public sense of justice and propriety;

the net worth of the party.

Answer in dollars and cents, if any:

MEP:          $_____

Moore:        $_____


Given:                _____

Given as Modified:   _____

Refused:                    _____

_____
UNITED STATES JUDGE PRESIDING

**SOURCE**:  Texas PJC § 109.1.

Respectfully submitted,

JACKSON WALKER L.L.P.

By:  */s/ Matt Dow*
_____

Matt Dow
State Bar No. 06066500
Mark L. Walters
State Bar No. 00788611
JACKSON WALKER L.L.P.
100 Congress Avenue
Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Facsimile: (512) 391-2113

*Attorneys for The College Network, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this 13th day of January 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the party listed below:

Cindy Olson Bourland
Merica & Bourland, P.C.
400 West 15th Street, Suite 900
Austin, Texas 78701

*/s/ Matt Dow*
Matt Dow

5407833v.1