IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE COLLEGE NETWORK, INC. | § § | JANUARY 14, 2009 |
| Plaintiff-Counterdefendant and Defendant in Intervention; | § § § | |
| v. | § § | CIVIL ACTION NO. A-07-CA-615-LY |
| MOORE EDUCATIONAL PUBLISHERS, INC. dba iSTUDYSMART | § § § § § | |
| Defendant-Counterplaintiff; | § § | |
| and | § § | |
| DEBRA MOORE, | § § | |
| Plaintiff in Intervention. | § § | |

## TCN'S CORRECTED THIRD REVISED ALTERNATIVE PROPOSED JURY CHARGE FOR THE CLAIMS OF MOORE EDUCATIONAL PUBLISHERS AND DEBRA MOORE

Comes now Plaintiff-Counterdefendant The College Network, Inc. ("TCN") and submits its alternative proposed jury instructions and issues of Moore Educational Publishers, Inc. ("MEP") and Debra Moore ("Moore") with respect to their affirmative claims for relief and states as follows:

TCN previously submitted its Third Revised Alternative Proposed Jury Charge, which contained the following language: "In lieu of the proposed jury questions 5-8 previously submitted, TCN submits the following proposed Questions Nos. 5 and 6. These would replace Questions 5-8 in TCN's Second Revised Objections to and Proposed Jury Charge for the Claims of Moore Educational Publishers and Debra Moore."

This statement was in error. The submission of new Questions 5 and 6 was to replace Questions 4, and 6-8 in TCN's Second Revised Objections to and Proposed Jury Charge for the Claims of Moore Educational Publishers and Debra Moore. TCN intends to retain its submission of Question 5 in TCN's Second Revised Objections to and Proposed Jury Charge for the Claims of Moore Educational Publishers and Debra Moore, which concerns limitations.

## **TCN'S PROPOSED QUESTION NO. 5:**

## **QUESTION NO. 5:**

Where any of the following statements defamatory of MEP?

**Instructions**:

Insert Agreed instructions 1 and 2.

Plus, add the following language as a separate paragraph before the paragraph defining "slander."

> **A statement is not false if it is literally true or substantially true. "Substantially true" means that the statement does not have to be true in every particular. A statement is substantially true if it is no more damaging to the person's reputation in the mind of the average person than a truthful statement would have been.**

Plus add the following language to the last paragraph of agreed instruction No. 1

> **The surrounding circumstances are the setting in which the alleged slanderous statement is spoken, consisting of the context of the statement and the common meaning attached to it. The common meaning is the understanding that ordinary men and women would have, considering the temper of the times, and the current of contemporary public opinions.**

In addition, add the following language from: *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890 (Tex. 1960) at the end of the instructions:

> **In deciding whether a statement is defamatory of a corporation, you should consider only whether the statement is injurious to the reputation of the owner of the business, in this case, Debra Moore.**

Answer "Yes" or "No" as to each statement:

MEP was part of the network            _____

MEP was going out of business          _____

GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____

_____
UNITED STATES DISTRICT JUDGE

**SOURCE:** *Brown v. Petrolite Corp.*, 965 F.2d 38 (5th Cir. 1992) (under Texas law, defamation plaintiff must prove that the allegedly defamatory language is false); *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241 (5th Cir. 1980) (where a statement may be, but is not necessarily, defamatory, issue of defamatory meaning should be submitted to the jury); *Padilla v. Carrier Air Conditioning*, 67 F.Supp.2d 650 (E.D. Tex. 1999) (to be slanderous under Texas law, statement must be false); *Velasquez-Campuzano v. Marfa Nat'l Bank*, 896 F. Supp. 1415 (W.D. Tex. 1995) (same), *aff'd*, 91 F.3d 139 (5th Cir. 1996) (mem.) (per curiam) (unpublished); *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 741 (S.D. Tex. 1998) ("The Fifth Circuit has interpreted Texas law as requiring the plaintiff to prove falsity as an element of a cause of action for defamation."); *McIlvane v. Jacobs*, 794 S.W.2d 14 (Tex. 1990) (statement is substantially true if it is no more damaging than a true statement would have been); *Newspapers, Inc. v. Matthews,* 339 S.W.2d 890, 893 (Tex. 1960) (claim for defamation of corporation is claim for injury to reputation of owner of business); *Houseman v. Publicaciones Paso del Norte, S.A. de C.V.*, 242 S.W.3d 518, 524 (Tex. App. – El Paso 2007) ("Allegedly defamatory statements must be construed as a whole, in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive the publication."); *ABC, Inc. v. Shanks,* 1 S.W.3d 230 (Tex. App. – Corpus Christi 1999, no pet.) (a statement is substantially true if it is no more ignominious in the mind of the average listener than a true statement would have been). (*Moore v. Waldrop*, 166 S.W.3d 380, 385-86 (Tex. App. – Waco 2005, no pet.).

## TCN'S PROPOSED QUESTION NO. 6:

## QUESTION NO. 6:

Where any of the following statements defamatory Moore?

**Instructions**:

Insert Agreed instructions 1 and 2.

Plus, add the following language as a separate paragraph before the paragraph defining "slander."

> **A statement is not false if it is literally true or substantially true. "Substantially true" means that the statement does not have to be true in every particular. A statement is substantially true if it is no more damaging to the person's reputation in the mind of the average person than a truthful statement would have been.**

Plus add the following language to the last paragraph of agreed instruction No. 1

> **The surrounding circumstances are the setting in which the alleged slanderous statement is spoken, consisting of the context of the statement and the common meaning attached to it. The common meaning is the understanding that ordinary men and women would have, considering the temper of the times, and the current of contemporary public opinions.**

Answer "Yes" or "No" as to each statement:

Debra Moore stole from TNC          _____

Debra Moore is a thief              _____


GIVEN:      _____
REFUSED:    _____
MODIFIED:   _____

_____<br>
UNITED STATES DISTRICT JUDGE

**SOURCE:** *Brown v. Petrolite Corp.*, 965 F.2d 38 (5th Cir. 1992) (under Texas law, defamation plaintiff must prove that the allegedly defamatory language is false); *Raymer v. Doubleday & Co., Inc.*, 615 F.2d 241 (5th Cir. 1980) (where a statement may be, but is not necessarily, defamatory, issue of defamatory meaning should be submitted to the jury); *Padilla v. Carrier Air Conditioning*, 67 F.Supp.2d 650 (E.D. Tex. 1999) (to be slanderous under Texas law, statement must be false); *Velasquez-Campuzano v. Marfa Nat'l Bank*, 896 F. Supp. 1415 (W.D. Tex. 1995) (same), *aff'd*, 91 F.3d 139 (5th Cir. 1996) (mem.) (per curiam) (unpublished); *David L. Aldridge Co. v. Microsoft Corp.*, 995 F. Supp. 728, 741 (S.D. Tex. 1998) ("The Fifth Circuit has interpreted Texas law as requiring the plaintiff to prove falsity as an element of a cause of action for defamation."); *McIlvane v. Jacobs*, 794 S.W.2d 14 (Tex. 1990) (statement is substantially true if it is no more damaging than a true statement would have been); *Houseman v. Publicaciones Paso del Norte, S.A. de C.V.*, 242 S.W.3d 518, 524 (Tex. App. – El Paso 2007) ("Allegedly defamatory statements must be construed as a whole, in light of the surrounding circumstances, based upon how a person of ordinary intelligence would perceive the publication."); *ABC, Inc. v. Shanks,* 1 S.W.3d 230 (Tex. App. – Corpus Christi 1999, no pet.) (a statement is substantially true if it is no more ignominious in the mind of the average listener than a true statement would have been). (*Moore v. Waldrop*, 166 S.W.3d 380, 385-86 (Tex. App. – Waco 2005, no pet.).

Respectfully submitted,

JACKSON WALKER L.L.P.

By: /s/ Matt Dow
Matt Dow
State Bar No. 06066500
Mark L. Walters
State Bar No. 00788611
JACKSON WALKER L.L.P.
100 Congress Avenue
Suite 1100
Austin, TX 78701
Telephone: (512) 236-2000
Facsimile: (512) 391-2113

*Attorneys for The College Network, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of January 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the party listed below:

Cindy Olson Bourland
Merica & Bourland, P.C.
400 West 15th Street, Suite 900
Austin, Texas 78701

/S/ MATT DOW
Matt Dow

5408563v.2